# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JACK SPENCER HIRE,

        Petitioner,

    v.                                 CASE NO. 10-3094-SAC

JAY SHELTON, et al.,

        Respondents.

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Norton Correctional Facility, Norton, Kansas. Petitioner has also filed a Motion to Proceed in forma pauperis, which the court finds should be granted. Having considered the Petition, the court finds as follows.

Petitioner alleges that in 1984 he was convicted of rape by a jury in Wyandotte County District Court, Kansas City, Kansas, and was determined by the trial judge to qualify as an habitual violator under K.S.A. 21-4504 (1982 Supp.). He further alleges that on January 18, 1985, he was sentenced by a three-judge panel to 45 years to life. See Hires v. Nelson, 1994 WL 242736 (D.Kan. May 31, 1994, unpublished). He directly appealed to the Kansas Court of Appeals, but did not raise the claim asserted in his federal petition. He asserts it was not raised because his appellate defender did not present the issue and "he was not aware that it was illegal to be sentenced by a three judge panel." His Petition for Review was denied in 1986.

Petitioner thereafter filed a Motion to Correct Illegal Sentence in state court pursuant to K.S.A. 22-3504, in which he

claimed that the state illegally used a three-judge panel to impose sentence instead of a single judge. He does not provide the date on which this motion was filed; however, the state appellate court's unpublished opinion indicates it was filed on October 31, 2006. State v. Hires, 225 P.3d 735 at *1, 2010 WL 786023 (Kan. Mar. 5, 2010, unpublished). The motion was denied by the trial court in April 2007. The district court's denial was affirmed by the Kansas Supreme Court on March 5, 2010. Id.

The court takes judicial notice that in 1988 Mr. Hires filed a complaint in this court that included challenges to his state criminal proceedings, which were dismissed for failure to exhaust state court remedies. Hires v. State of Kansas, 1990 WL 47659 (D. Kan. March 14, 1990). In 1994, petitioner filed a petition for writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254 claiming ineffective assistance of trial counsel, which was denied on the merits. Hires v. Nelson, 1994 WL 242736 (D.Kan. May 31, 1994)[1].

As grounds for his federal Petition now before the court, Mr. Hires makes the same claim as in his motion for illegal sentence that the State of Kansas illegally sentenced him when it used a three-judge panel instead of an individual judge. In support, he alleges that he was not requesting probation. He further claims the trial judge noted that "if he was imposing sentence he would not sentence under the Habitual Criminal Act."

Petitioner adds a significant factual allegation in his federal petition that he apparently has not presented to any state court, which means it has not been exhausted. He alleges that the judge at

---

[1] This federal petition was filed before the statute of limitations became effective, and thus timeliness was not an issue.

his trial was Leo J. Moroney, and that Judge Moroney did not sit on the three-judge panel that presided at his sentencing. This is contrary to the findings of the Kansas Supreme Court that "the record reflects that Judge Meeks acted as the sentencing judge . . . , presided at the sentencing hearing, pronounced the sentence, and signed the sentencing journal," and "that Judge Meeks had been the trial judge." State v. Hires, 225 P.3d 735, at *3. Petitioner thus alleges that the Kansas Supreme Court's decision affirming the denial of his motion to correct illegal sentence was based upon incorrect facts. He asserts that attempting to exhaust this new factual basis for his claim would have been futile because the lower state courts lack jurisdiction to correct errors of the Kansas Supreme Court.

From the face of the Petition, the court finds this action must be dismissed for two main reasons, aside from the apparent failure to exhaust. First, petitioner has filed a prior § 2254 petition that was denied on the merits, making this a "second and successive" application. Second, this Petition was not filed within the applicable limitations period. The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

3

pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

The statute of limitations for federal habeas petitions became effective on April 24, 1996. It is well-settled that for a state prisoner whose conviction became "final" before that effective date, which petitioner's plainly did, the one-year statute of limitations began to run on April 24, 1996. Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). Thus, the one-year statute of limitations within which Mr. Hires was required to file his federal habeas corpus petition challenging his 1985 sentence commenced on April 24, 1996. Unless the limitations period was tolled in some manner[2], it ran unimpeded and expired a year later on April 24, 1997. The only state post-conviction motion described by Mr. Hires in his Petition was filed nearly a decade later on October 31, 2006, long after the limitations period had expired, and thus had no tolling effect[3].

Even though the claim raised in the Petition before the court is different from that raised in his prior petition, the court finds this is a "second or successive" petition. Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001), cert. denied, 535 U.S. 973

---

[2] Petitioner utilized an outdated form for this Petition. Thus, he was not asked and has not provided any information as to why this Petition challenging his 1985 sentence was not filed until nearly 14 years after his direct appeal was concluded in 1986. The court does not direct petitioner to show equitable tolling, as he alleges no facts to suggest he has such an entitlement and, as noted, this action is second and successive. While petitioner suggests that he was previously unaware of the legal claim he presents and that his appellate counsel on direct appeal failed to raise this claim, the facts of this claim were known to petitioner at the time of his sentencing. Thus, he had available the information to present this claim on direct appeal and in his motion to correct illegal sentencing. His lack of legal awareness is not grounds for equitable tolling. Any claim that appellate counsel was ineffective has not been exhausted.

[3] On-line Kansas appellate court records indicate that in 1990, petitioner filed a motion pursuant to K.S.A. 60-1507, District Case No. 90-C-2329, that must have been denied, as he appealed to the Kansas Court of Appeals, Appellate Case No. 66130, which affirmed the denial on October 25, 1991. However, these state proceedings also occurred prior to the commencement of the federal statute of limitations in this case and thus had no tolling effect.

(2002). Under 28 U.S.C. §2244(b)(3)(A), a second or successive petition for habeas corpus may be filed in the district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the federal district court to consider the petition. Id. There is no indication in the materials filed that petitioner has obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit.

Since petitioner failed to comply with § 2244(b) and filed this action without obtaining prior Circuit Court authorization, this court lacks jurisdiction to address the merits of his claim. In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006). This district court may either transfer[4] this action to the Tenth Circuit for prior authorization if it is in the interest of justice to do so, or dismiss it for lack of jurisdiction. In re Cline, 531 F.3d at 1252.

The court finds that the interest of justice would not be served by transfer of the instant action to the Tenth Circuit Court of Appeals, and that it should be dismissed instead. The three primary considerations governing a court's decision whether to transfer or dismiss are: (1) whether the action was in good faith filed in the wrong court; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year federal limitations period; and (3) whether the claim is likely to have

---

[4] 28 U.S.C. § 1631 provides in relevant part:

Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed. . . .

Id.

merit. See id. at 1251.

The first consideration does not support transfer in this case because the statutory requirement for prior authorization of second or successive habeas petitions has been in effect for well over a decade, making it difficult for petitioner to show that the initial filing of his petition in this Court was done in good faith. See id at 1252. Second, a dismissal will not make it any more difficult for petitioner to comply with the applicable limitations period. Petitioner's first application apparently was timely, but the one-year statute of limitations has clearly expired for any attempt to amend his first petition to add a new claim. See U.S. v. Espinoza-Saenz, 235 F.3d 501, 504 (10th Cir. 2000). Moreover, his second habeas application is not an amendment, but a separate filing over fifteen years after the first petition. See Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000). Finally, the facts showing this case is time-barred lead the court to conclude that transfer of this action would raise "false hopes," and waste judicial resources on a case that is "clearly doomed." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000).

For the foregoing reasons, the court declines to transfer this Petition to the Tenth Circuit for authorization, and finds it should be dismissed for lack of jurisdiction in accordance with 28 U.S.C. § 2244(b)(3).

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated this 14th day of May, 2010, at Topeka, Kansas.


                                        s/Sam A. Crow
                                        U. S. Senior District Judge